IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM MONTERIAL JONES, TDCJ #1971347, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-3090 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

The petitioner, William Monterial Jones (TDCJ #1971347), is currently incarcerated by the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Jones has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging two convictions from Harris County. Acknowledging that he has not yet exhausted his state court remedies, Jones has also filed "Petitioner's Motion for Leave to File a Protective Petition" ("Petitioner's Motion") (Docket Entry No. 3), to toll the governing statute of limitations. After considering all of the pleadings as required by Rule 4 of the Rules Governing Section 2254 Cases, the court will deny Petitioner's Motion as unnecessary and dismiss this action without prejudice for the reasons explained below.

## I. **Procedural History**

Jones was charged in Harris County Cause Numbers 1387546 and 1387547 with aggravated robbery and possession of a firearm by a previously convicted felon.¹ In December 2014, a jury in the 351st District Court for Harris County, Texas, found Jones guilty as charged and the trial court sentenced him to 40 years' imprisonment in each case.² Both convictions were affirmed on direct appeal, see Jones v. State of Texas, No. 01-14-01032-CR & 01-14-01033-CR, 2016 WL 672842 (Tex. App. – Houston [1st Dist.] Feb. 18, 2016), and the Texas Court of Criminal Appeals refused his petition for discretionary review on July 27, 2016.³ See Jones v. State of Texas, PDR No. 0240-16. Jones's convictions became final 90 days later, on October 25, 2016, when his time expired to petition the United States Supreme Court for a writ of certiorari. See Sup. Ct. R. 13.1.

On October 6, 2017, Jones executed the pending Petition for federal habeas corpus relief under 28 U.S.C. § 2254.⁴ Jones

---

¹Petition, Docket Entry No. 1, p. 2. Public records show that Jones has other prior felony convictions from Harris County for burglary of a habitation (1998), robbery (2002), and possession of a firearm as a felon (2009). See Texas Dep't of Criminal Justice website located at https//offender.tdcj.texas.gov (last visited Oct. 26, 2017).

²Petition, Docket Entry No. 1, pp. 2-3.

³Id. at 3.

⁴Id. at 10.

contends that he is entitled to relief because:

(1) there was "no evidence" to support his conviction;

(2) his trial counsel was ineffective for failing to object or file a pretrial motion to suppress DNA test results, investigate the facts of the case, or request funds to hire a DNA expert;

(3) his appellate counsel was ineffective for failing to raise a claim about his trial counsel's deficient performance; and

(4) the evidence was insufficient to support a guilty verdict beyond a reasonable doubt.[5]

Jones discloses that he has raised these same claims in a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure, which he mailed to the trial court on August 8, 2017.[6] Jones concedes that he has not yet exhausted state court remedies because his state habeas application remains pending without a final decision by the Texas Court of Criminal Appeals.[7] He requests leave to proceed, nevertheless, with a protective federal petition to prevent the one-year statute of limitations on federal habeas review from expiring while he litigates his claims in state court.[8]

---

[5]Id. at 6-7, 12-16.

[6]Id. at 4.

[7]Id. at 4, 8.

[8]Petitioner's Motion, Docket Entry No. 3, pp. 1-2.

## II. Discussion

Jones's request for leave to file a protective petition implicates two statutory provisions that govern federal habeas corpus review. Where a state conviction is challenged, federal review is not available "unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). In addition to the exhaustion requirement, the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), 28 U.S.C. § 2244(d)(1), imposed a one-year statute of limitations on all federal habeas petitions filed after April 24, 1996. Because Jones challenges a state court judgment of conviction, his statute of limitations began to run when the challenged judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

As noted above, the convictions that Jones challenges became final no later than October 25, 2016, when his time expired to seek certiorari review by the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). The AEDPA statute of limitations began to run on that date, but stopped with over two months remaining on the limitations period when Jones placed his application for state habeas corpus review in the mail for filing

-4-

on August 8, 2017.[9]  In that regard, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" established by the AEDPA.  28 U.S.C. § 2244(d)(2).

Concerned that the AEDPA limitations period may expire while he exhausts state court remedies, Jones requests leave to proceed with a protective petition and he invokes Pace v. Diguglielmo, 125 S. Ct. 1807 (2005) in support of that request.  In Pace, the Supreme Court suggested that a petitioner who has failed to exhaust state court remedies may file a protective petition in federal court and request a stay to avoid the running of his AEDPA limitations period where he harbors doubt as to whether his state application is "properly filed" so as to toll the statute of limitations under § 2244(d)(2).  Id. at 1813.  The Supreme Court authorized a protective petition where there was "reasonable confusion about whether a state filing would be timely" for purposes of tolling the AEDPA limitations period.  Id.

The concerns at issue in Pace are not present in this case.

---

[9]The Fifth Circuit has held that the prison mailbox rule applies to a habeas petitioner's filing of a state post-conviction application so as to toll the one-year period to file a federal habeas petition.  See Richards v. Thaler, 710 F.3d 573, 577-79 (5th Cir. 2013) (discussing Campbell v. State, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010), in which the Texas Court of Criminal Appeals held that the prison mailbox rule applies in criminal proceedings).  As a result, Jones would be entitled to tolling on the date he placed his state habeas application in the mail.

Public records confirm that Jones's state habeas application was received for filing on August 18, 2017, and that the State recently filed an answer, which addresses the merits of that application.[10] Because it appears to have been properly filed, the federal habeas corpus statute of limitations is tolled for as long as this application is pending in state court. 28 U.S.C. § 2244(d)(2). Thus, a protective habeas corpus petition is not necessary to toll the AEDPA limitations period.

Because Jones's state habeas application was filed with over two months remaining on his federal limitations period, requiring him to exhaust state court remedies before seeking federal relief should not result in prejudice, provided that Jones acts promptly and with the requisite due diligence once he receives a final ruling from the Texas Court of Criminal Appeals. Jones does not otherwise demonstrate that a stay is justified by good cause while he exhausts his state court remedies. See Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005) (explaining that "stay and abeyance should be available only in limited circumstances," such as where a petitioner demonstrates "good cause" for his failure to exhaust). Accordingly, the court will deny Petitioner's Motion for leave to file a protect petition and will dismiss this case as premature.

---

[10]Harris County District Clerk's Office website, located at: http://www.hcdistrictclerk.com (last visited Oct. 26, 2017). Those records show that the State filed its answer on October 6, 2017.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 123 S. Ct. 1029, 1039 (2003). Where denial of relief is based on procedural grounds the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See

Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate that the petitioner has not yet exhausted available state court remedies or that the Petition is premature. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by William Monterial Jones (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

2.  Petitioner's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3.  Petitioner's Motion for Leave to File a Protective Petition (Docket Entry No. 3) is **DENIED**.

4.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 30th day of Oct., 2017.

SIM LAKE
UNITED STATES DISTRICT JUDGE